```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**MELISSA J. REID**                                              **PLAINTIFF**

VS.                                  CIVIL ACTION NO. 3:10-cv-237-WHB-LRA

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**                              **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on Plaintiff, Melissa J. Reid's ("Reid"), Objection to the Report and Recommendation of United States Magistrate Judge Linda R. Anderson. The Court, having considered the Objection,[1] the record in this case, as well as governing authorities, finds the Objection should be denied.

### I. Discussion

On August 15, 2011, Judge Anderson entered a Report and Recommendation ("R&R") concluding that the Administrative Law Judge ("ALJ") had applied the correct legal standards when determining that Reid had not established her impairments were of sufficient severity to be disabling, and thereafter denying her applications for Disability Insurance Benefits and/or

---

[1] Defendant has informed the Court that he will not file a Response to Reid's Objection, and that he has no objections to the Report and Recommendation. See Resp. [Docket No. 19].

Supplemental Security Income, and that substantial evidence supported the ALJ's decision.  See R&R [Docket No. 17].  Reid timely objected.  Under controlling standards, a district judge has the authority to review a magistrate judge's report and recommendation on disposive motions, and is required to make a *de novo* determination of any portion of a report and recommendation to which a specific written objection is made.  See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b).  Thereafter, the district judge may accept, reject, or modify the recommendation of the magistrate; receive further evidence in the case; or return the matter to the magistrate with further instructions.  Id.

In the case *sub judice*, Reid objects to the R&R arguing that Judge Anderson erred in (1) maintaining that consulting psychologist, Dr. Kenneth Schneider ("Schneider"), had diagnosed her with "mild mental retardation secondary to depression" because he had actually separately diagnosed her with depression on Axis I and mental retardation on Axis II; (2) citing Randall v. Astrue, 570 F.3d 651 (5th Cir. 2009), for the proposition that "[s]imply having a low I.Q. score is not enough to indicate disabling mental retardation ..." because that case is distinguishable on its facts; (3) maintaining that the ALJ has discretion to assess the validity of I.Q. scores; (4) confirming the ALJ's speculation regarding whether her low I.Q. score was attributable to depression and/or the effects of medication

2

and/or other causes; (5) suggesting that the ALJ could discount the credibility of Schneider's report because it was based on an one-time-only examination; (6) suggesting that her prior employer had not found her unable to work based on her alleged mental impairments; (7) suggesting that the ALJ did not have a duty to obtain an expert opinion on medical equivalence; (8) suggesting that she had argued that the ALJ had failed to give controlling weight to the medical opinions because she had not made such argument; (9) finding that her obesity did not produce limitations beyond those incorporated in the ALJ's residual function capacity assessment ("RFC") because the ALJ's RFC lacked support in the record and/or was based on a flawed hypothetical given to the vocational expert during her administrative hearing; (10) maintaining that there was no objective medical evidence that either her depression or mental retardation produced limitations that impeded her ability to work; and (11) asserting that there was substantial evidence supporting the ALJ's determination that she could return to work because the ALJ relied on potential jobs that were outside reasoning level 1 of the Dictionary of Occupational Titles.  After conducting a *de novo* review of the subject portions of the R&R in light of the objections, the Court finds the R&R is well reasoned and supported by applicable law.  The Court additionally finds that the decision of the ALJ was supported by substantial evidence and

contained no legal errors that would require the Court to reverse that decision. Accordingly, the Court will adopt the R&R over Reid's objections.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 17] is hereby accepted and adopted.

IT IS FURTHER ORDERED that Plaintiff's Objection to the Report and Recommendation [Docket No. 18] is hereby overruled.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Docket No. 10] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion for an Order Affirming the Decision of the Commissioner [Docket No. 14] is hereby granted.  A Final Judgment dismissing Plaintiff's appeal shall be entered this day.

SO ORDERED this the 8th day of September, 2011.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE